IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FRANKLIN KYLE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV766 |
| | ) | |
| GREG SEABOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Greg Seabolt ("Sheriff Seabolt") and Phillip Cheek ("Major Cheek"). (Docket Entry 12.) Plaintiff Franklin Kyle Willis did not file a response. Defendants raise several arguments to support their motion, but as a preliminary matter, they contend that Plaintiff failed to exhaust administrative remedies. (*See* Docket Entry 13 at 4-8.)[1] In support of Defendants' motion, Major Cheek submitted a Declaration, which contains information and attachments not referenced in the Complaint. (*See* Phillip Cheek Declaration, Docket Entry 13-1.) For the following reasons, the Court recommends that Defendants' motion be construed as a motion for summary judgment for failure to exhaust administrative remedies, and that summary judgment be granted.

---

[1] Unless otherwise noted, all citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

## I. BACKGROUND

Plaintiff filed this action asserting claims against Defendants for violation of his First Amendment and Fourteenth Amendment rights while Plaintiff was housed as a pretrial detainee at the Randolph County Detention Center ("RCDC"). (*See* Complaint, Docket Entry 2.) Specifically, Plaintiff alleges that on May 1, 2021, RCDC staff members conducted a search of his unit and confiscated all books, magazines, dictionaries, religious devotionals, and newspapers. (*Id.* at 4, 14-15.) An exception was made for the Bible, which Plaintiff and other inmates were allowed to retain. (*Id.*) Plaintiff alleges that the decision to confiscate the material was made by Major Cheek, who is supervised by Sheriff Seabolt, and was done to "deprive" all inmates of such material. (*Id.* at 15.)

Plaintiff's mother spoke with Sheriff Seabolt two days after the materials were confiscated, and Sheriff Seabolt was "unaware of this new policy," although Plaintiff's mother was later told that the books and other materials presented a fire hazard. (*Id.*) Plaintiff alleges that the other reason for the confiscation of the material was due to an inmate having contraband smuggled into the RCDC through "pages of novels" and mail packages. (*Id.*) As a solution to the confiscation of the materials, Plaintiff alleges that Defendants provided inmates with tablets that have access to reading material through the Overdrive Library APP. (*Id.* at 16.) Plaintiff asserts, however, that this is an insufficient replacement because there are not enough tablets for every inmate, there is limited time availability on the tablets, and the tablets contain limited materials and lack access to law books, legal dictionaries, magazines, newspapers, and devotionals. (*Id.*) Plaintiff claims that the confiscation of materials has impacted or prevented his pursuit of religious and legal

2

studies, his ministerial duties to his fellow inmates, and it has exacerbated his mental illness. (*Id.* at 5, 16.)

Plaintiff states that he filed a grievance at the electronic kiosk in the D-Pod housing unit, claiming the confiscation of the materials deprived him of his rights. (*Id.* at 7.) In response to his grievance, Plaintiff claims that he was told that the decision to confiscate reading materials was made because the reading materials presented a security risk. (*Id.*) When asked on his Prisoner Complaint form whether Plaintiff took steps to appeal the grievance decision, Plaintiff states:

> There is not an "appeal" option on the kiosk. My Mom called [Sheriff Seabolt and he] told her that there was nothing that he could do. [Plaintiff's mom] then called the [RCDC] and was told that all books were banned and confiscated due to a "fire hazard."

(*Id.*)

When asked to set forth additional information relevant to his exhaustion of administrative remedies, Plaintiff claimed that "[e]verything is electronic here," and requested a copy of the "Grievance and Administrative Remedies." (*Id.* at 8.)

After Defendants' motion for an extension of time to answer was granted, (*see* Docket Entry 10; Text Order dated 1/27/2022), Defendants filed the pending motion to dismiss. (Docket Entry 12.) In support of their motion, Defendants first raise the affirmative defense of failure to exhaust administrative remedies. (*See* Docket Entry 13 at 4-8.) Defendants then proceeded with additional arguments including grounds for dismissal based on qualified immunity. (*Id.* at 8-22.) The undersigned concludes that because there is no genuine issue of material fact concerning Plaintiff's failure to exhaust administrative remedies, the Court need only to address that issue.

3

## II. DISCUSSION

As an initial matter, because Plaintiff "fail[ed] to file a response [to Defendant's motion to dismiss] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession). "Plaintiff's status as a *pro se* litigant does not excuse his inaction." *Simpson v. Hassan*, No. 1:08CV455, 2014 WL 3547023, at *1 n.4 (M.D.N.C. July 16, 2014) (unpublished). Alternatively, as explained below, the Court should construe Defendants' motion to dismiss as a motion for summary judgement, which should be granted.

### A. Relevant Standard

Defendants' motion to dismiss contends, in pertinent part, that the Court should dismiss Plaintiff's complaint for failure to exhaust administrative remedies. (Docket Entry 13 at 4-8.) Defendants pursue dismissal under Federal Rule of Civil Procedure 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678, and *Twombly,* 550 U.S. at 557).

Here, in support of their motion, Defendants submitted Major Cheek's declaration and documents relating to RCDC's formal grievance process. (*See* Cheek Decl. & Attachments, Docket Entry 13-1.) Defendants rely upon such information to demonstrate that Plaintiff did not fully exhaust his administrative remedies regarding the allegations asserted in the instant Complaint. Because these documents contain information not referenced in the Complaint and because the Court considers this evidence in disposing of this pending motion, Defendants' motion to dismiss should be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion

5

must be treated as one for summary judgment under Rule 56."); *see also Johnson v. Wolfe*, No. Civ.A. ELH-13-719, 2014 WL 2651184 at *2-3 (D. Md. June 11, 2014) (unpublished) (construing motion to dismiss as a motion for summary judgment where the movant attached several exhibits supporting movant's position which were not excluded by the court); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10–CV–388, 2011 WL 2417046, at *2 (M.D.N.C. June 13, 2011) (unpublished) ("When 'matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56.' ").

When construing a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." *See* Fed. R. Civ. P. 12(d). "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (alteration, some internal quotation marks, and citation omitted).

The Court finds that Plaintiff was afforded appropriate notice and reasonable opportunity to respond in this matter. First, Defendants submitted evidence in support of their motion to dismiss that was "outside the pleadings, putting [Plaintiff] on notice of possible conversion." *Fornshill v. Ruddy*, No. 95-2490, 89 F.3d 828 (table), 1996 WL 333223, at *2 (4th Cir. June 11, 1996) (unpublished)); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-261 (4th Cir. 1998) ("Setting aside the caption for a moment, we note that the [D]efendant submitted affidavits and other materials with its motion. . . .

6

Therefore, by operation of the Federal Rules of Civil Procedure, [P]laintiff also should have been on notice that the [D]efendant's motion could be considered by the court to be a summary judgment motion.").

Second, Plaintiff was further put on notice by the *Roseboro* letter sent to him, which advised him:

> The respondent has filed a Motion to Dismiss on 02/28/2022, which may or may not be supported by an affidavit.
>
> You have the right to file a 20-page response in opposition to the respondent's motion. *Your response may be accompanied by counter affidavits or you may submit other responsive material.* Ordinarily, uncontested motions are granted. *Therefore, your failure to respond or, if appropriate, to file counter affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the respondent's contentions are undisputed.* As a result, the court may dismiss your suit or render judgment against you. Therefore, unless you file a response in opposition to the respondent's motion, *it is likely your case will be dismissed or summary judgment will be granted in favor of the respondent.*

(Docket Entry 14) (emphasis added).[2] Because the *Roseboro* Letter advised Plaintiff to respond with "affidavits or evidence in rebuttal," he was put on notice that the Court might consider summary judgment, and conversion is therefore proper.

Moreover, the Court notes that Plaintiff did not even need to respond to the merits of Defendants' allegations to prevent this summary judgment recommendation. If there was any doubt as to whether Plaintiff had failed to exhaust his administrative remedies, Plaintiff merely needed to file "an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, 'for specified reasons, [Plaintiff] cannot present facts essential to

---

[2] The undersigned notes that the *Roseboro* letter was sent twice to Plaintiff regarding Defendants' motion to dismiss. The first was sent on March 1, 2022, at Plaintiff's previous location, (*see* Docket Entry 14), and once again on March 11, 2022 in response to Plaintiff's Notice of Change of Address, (*see* Docket Entry 15). Neither *Roseboro* letter was returned undeliverable to the Court.

7

justify [Plaintiff's] opposition, without needed discovery'." *Johnson*, 2014 WL 2651184, at *2 (citations omitted). Though given reasonable opportunity to request further discovery, Plaintiff failed to do so.[3] Accordingly, the Court concludes that Plaintiff was on notice of the possibility of summary judgment against him and was subsequently afforded "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (treating district court's holding as a grant of summary judgment, where "[t]he [plaintiffs] had ample opportunity to bring forth evidence to show that genuine issues of material fact remained"); *Pegram v. Williamson*, No. 1:18CV828, 2020 WL 564136, at *5 (M.D.N.C. Feb. 5, 2020) (finding that the plaintiff was warned of the threat of summary judgment in *Roseboro* notice, and was thus provided sufficient opportunity to respond pursuant to Rule 12(d)); *Learson v. Berryhill*, No. 1:18CV348, 2018 WL 4717973, at *3 (M.D.N.C. Oct. 1, 2018) (concluding that issuance of a *Roseboro* letter provided pro se claimant with a reasonable opportunity to respond and therefore permitted conversion of a motion to dismiss to a motion for summary judgment). For these reasons, summary judgment on the issue of exhaustion of administrative remedies is proper.

**B. Rule 56 Requirements**

In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of

---

[3] While Plaintiff's failure to file an affidavit may be excused, *see Johnson*, 2014 WL 2651184, at *2, Plaintiff has not responded nor has otherwise filed anything that serves as a "functional equivalent of an affidavit." *Id.* (citation omitted).

8

material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted . . . as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion," *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial." *Dunn v. Aclairo Pharm. Dev. Grp., 401(K) Plan*, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (citing *Anderson*, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. *Anderson*, 477 U.S. at 252, 256.

Here, Defendants argue that they are entitled to the dismissal of this case because Plaintiff did not exhaust his administrative remedies before filing this action. (Docket Entry 13 at 5-8.) In support of their motion, Major Cheek filed a declaration noting that, as a jail administrator, he is familiar with RCDC's grievance policies and procedures and helps maintain grievance forms. (Cheek Decl. ¶ 1.) Major Cheek has attached the grievance procedures. (*See* Attachment A, Docket Entry 13-1 at 5-11.) He states that newly-admitted inmates are notified of the RCDC's grievance policy upon arriving at the facility. (Cheek Decl. ¶ 5.) They are also notified of the Inmate Rules at this time, which contains a

9

summary of the grievance procedures and are posted in the inmate pods for reference. (*See id.*; *see also* Attachment B, Docket Entry 13-1 at 13-15.) Grievances may be completed at the kiosk or in paper form. (Cheek Decl. ¶ 3; *see also* Attachment A, Docket Entry 13-1 at 11.) It is the inmate's responsibility to complete the form, including noting whether the form is being submitted as a "grievance" or "appeal." (Cheek Decl. ¶ 3; *see also* Attachment A, Docket Entry 13-1 at 7-8.) For initial grievances, the reviewing supervisor or chief jailer provides a written response. (Cheek Decl. ¶ 4; *see also* Attachment A, Docket Entry 13-1 at 9.) Upon receipt of the written response, the inmate may appeal to the RCDC Administrator or Sheriff. (Cheek Decl. ¶ 4; *see also* Attachment A, Docket Entry 13-1 at 9-10.) The decision by the RCDC Administrator or Sheriff is considered final. (*Id.*)

As to Plaintiff, Major Cheek states that he "reviewed the [RCDC's] inmate grievances to determine whether [Plaintiff] filed any grievances arising from the confiscation of books and other written periodicals from the [RCDC] on or about May 1, 2021." (Cheek Decl. ¶ 6.) Plaintiff did file one grievance regarding the lack of access to physical books and limited tablets on April 27, 2021. (*Id.* ¶ 7; *see also* Attachment C, Docket Entry 13-1 at 17.) Lieutenant Lindsey responded to this grievance on May 1, 2021, explaining that the reading materials were being removed because physical books were being used to smuggle contraband, but that reading materials would be provided through daily access to a tablet. (*Id.*) Plaintiff did not appeal this response and did not file any other grievances regarding the removal of physical books and other reading materials form the RCDC. (Cheek Decl. ¶ 8.)

10

Failure to Exhaust Administrative Remedies

Defendants assert that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. (Docket Entry 13 at 5-8.) The undersigned agrees. The PLRA requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled by now that Section 1997e's exhaustion requirement is mandatory.[4] *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing *Porter*, 534 U.S. at 524).

A review of Plaintiff's complaint and the exhibits attached to Defendants' motion demonstrates that Plaintiff did not exhaust his administrative remedies. As the evidence demonstrates, newly-admitted inmates are notified of the RCDC's grievance policy upon arriving at the RCDC. (Cheek Decl. ¶ 5.) Plaintiff filed an initial grievance as to some of his claims, but there is no evidence that he appealed the response from Lt. Lindsey. Rather, he filed the instant Complaint several months later. Plaintiff Complaint states that there is not

---

[4] The Court recognizes that a prisoner's failure to exhaust administrative remedies may be excused when prison officials hinder, delay, or otherwise prevent prisoners from availing themselves of administrative procedures. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010). However, Plaintiff has neither responded to Defendant's motion, nor otherwise presented any factual support for this exception to be applicable to the disposition of this motion.

11

an "appeal" option on the RCDC's electronic kiosk. (*See* Compl. at 7.) However, this allegation is belied by the evidence demonstrating that inmates are made aware of the grievance procedures upon entering the facility which clearly and concisely lay out the steps needed to exhaust his administrative remedies prior to filing suit. (Cheek Decl. ¶ 5.) This is reiterated in the Inmate Rules that were posted and available to Plaintiff in the pod areas. (*Id.*; *see also* Attachment B, Docket Entry 13-1 at 13-15.) There is no evidence that Plaintiff did not have access to the appeal process at all relevant times.[5] *See Hill*, 380 F. App'x at 270 ("[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality.") (internal quotations and citation omitted). That Plaintiff's mother called Sheriff Seabolt and the RCDC concerning the confiscation of materials does not change this conclusion. *See Davis v. Thakkar*, No. 5:21-CT-3086-D, 2022 WL 2251236, at *3 (E.D.N.C. June 9, 2022) (unpublished) ("[C]omplaints by family members . . . do not serve as means to circumvent the . . . PLRA's exhaustion requirement."). Ultimately, it is Plaintiff's responsibility to complete the grievance process, including noting on his grievance form whether it is an initial grievance or an appeal. There is simply no evidence that he did so here, nor is there any evidence that RCDC officials prohibited him from doing such. *See Moore*, 517 F.3d at 725. ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

---

[5] While Plaintiff's Complaint states that "[e]verything is electronic here," *see* Compl. at 8, Major Cheek has noted that RCDC policy allows inmates to request grievance forms from any staff member. (*See* Cheek Decl. ¶ 3; *see also* Attachment A, Docket Entry 13-1 at 7, 11.) In addition, grievances and appeals are available to be completed through the electronic kiosk. (Cheek Decl. ¶ 3.)

In sum, Plaintiff has failed to submit a grievance concerning his claim for inadequate access to legal resources, and he has failed to properly appeal the response to the grievance that he did raise concerning the lack of access to physical books and limited tablets. Thus, there exists no genuine issue of material fact that Plaintiff did not exhaust his administrative remedies by completing the appeal process set out in the RCDC policy and procedures before filing this lawsuit. Plaintiff has presented no evidence to the contradict this finding. Therefore, Defendants' motion should be granted.

## III. CONCLUSION

Based upon the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendants Greg Seabolt and Phillip Cheek's Motion to Dismiss Plaintiff's Complaint (Docket Entry 12) be converted to a motion for summary judgment, be **GRANTED**, and that this action be dismissed without prejudice.

Joe L. Webster
United States Magistrate Judge

July 29, 2022
Durham, North Carolina